IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| SUPPLEMENT SPOT, LLC, | § | Bankruptcy Case No. 06-35903 |
|     Debtor | § | |
| ------------------------------- | | |
| JOHN ACORD and MARCELLA | § | |
| ORTEGA, | § | |
|     Appellants, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. H-09-0856** |
| | § | |
| BEN FLOYD, Trustee, | § | |
|     Appellee. | § | |

## **MEMORANDUM AND ORDER**

Appellants John Acord and Marcella Ortega filed a Notice of Appeal from the United States Bankruptcy Court's Orders relating to the approval of a settlement and the sale of property owned by Debtor. The case is now before the Court on United States Bankruptcy Trustee Ben Floyd's Motion to Dismiss [Doc. # 2], in which the Trustee argues that the appeal is moot. Appellants filed a Response [Doc. # 8] to the Motion to Dismiss, and the Trustee filed a Reply [Doc. # 9].[1] Having reviewed the

---

[1] Appellants filed a "Motion for Leave to File Sur-Response" [Doc. # 10]. Although there is no provision in the Bankruptcy Rules for a "Sur-Response," the Court **grants** the Motion for Leave to File Sur-Response.

record and the governing legal authorities, the Court concludes that the appeal is moot and **grants** the Trustee's Motion to Dismiss.

## I.    BACKGROUND

Debtor Supplement Spot, LLC, whose primary business is the sale of nutritional supplements, filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in November 2006. At the time the petition was filed, the name of Debtor was "Young Again Nutrition, LLC" but the name was later changed to Supplement Spot, LLC. Marcella Ortega is Debtor's sole shareholder, and John Acord is her son. Young Again Products, Inc. ("YAP") was a principal creditor, was the plaintiff in trademark litigation pending against Debtor in Utah and Maryland, and was the plaintiff in Adversary Proceeding No. 07-3019, which involved allegations of improper post-petition trademark infringement. On February 27, 2007, the Bankruptcy Court entered an Agreed Order Directing the Appointment of Chapter 11 Trustee [Doc. # 98 in Bankruptcy Case 06-35903], and on March 1, 2007, the Bankruptcy Court approved the appointment of Ben Floyd as the Chapter 11 Trustee [Doc. # 100 in Bankruptcy Case 06-35903].

Negotiations between YAP and the Trustee resulted in a compromise and settlement. On November 11, 2008, the Trustee filed a motion ("Motion") seeking approval of the settlement and authorization to sell Debtor's property to Casey

Borgers Investments, LLC ("CBI"), a third party purchaser. The Trustee represented that the proposed settlement, including the sale of Debtor's property, was the result of arms-length negotiations that were conducted in good faith. *See* Motion [Doc. # 187 in Bankruptcy Case 06-35903], ¶ 28. Appellants jointly filed Objections [Doc. # 194 in Bankruptcy Case 06-35903] to the proposed settlement. In response to the Trustee's Motion to Strike Appellants' Objections, the Bankruptcy Court held that Acord did not have standing to object because he was not a creditor and had no financial interest in Debtor. The Bankruptcy Court allowed Ortega, as the sole shareholder of Debtor, to pursue the objections and to participate fully in the evidentiary hearing regarding approval of the proposed settlement.

Following the hearing on the Trustee's motion for approval of the settlement, the Bankruptcy Court on December 17, 2008, entered his "Order Approving Trustee's Motion (I) To Approve Compromise and Settlement Agreement with Young Again Products, Inc. Pursuant to Bankruptcy Rule 9019; and (II) To Sell Debtor's Property to Casey Borgers Investments, L.L.C. Free and Clear of Liens, Claims, Charges, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(f)" [Doc. # 201 in Bankruptcy Case 06-35903], thus allowing the sale of the Debtor's property to CBI to proceed.

On December 19, 2008, the sale of the subject property to CBI was funded and closed.  Later that day, the Trustee funded payments of the settlement proceeds to YAP in the amount of $112,000.00 and to real estate broker Golden Gate Business Group, Inc. ("Golden Gate")[2] in the amount of $45,000.00.  In accordance with the settlement agreement, stipulations of dismissal were filed in the courts in Utah and Maryland, and in Adversary No. 07-3019.

On December 29, 2008, Appellants filed a Motion for Rehearing, which was denied on March 11, 2009 following a hearing.  On March 23, 2009, Appellants filed their Notice of Appeal from the Order ruling on the Trustee's Motion to Strike, the Order approving the settlement, the Order denying the Motion for Rehearing, and the related Findings of Fact and Conclusions of Law.  The Trustee filed his Motion to Dismiss the appeal as moot.  The Motion has been fully briefed and is now ripe for decision.

## II.     ANALYSIS

The Trustee argues that the appeal should be dismissed as moot because the property has been sold, the proceeds of the sale have been distributed, and all related litigation has been dismissed in accordance with the terms of the settlement.  In the bankruptcy context, the mootness concept is a "recognition by the appellate courts that

---

[2] Golden Gate served as the Trustee's court-appointed financial advisor and consultant.

there is a point beyond which they cannot order fundamental changes in reorganization actions." *Matter of Manges*, 29 F.3d 1034, 1039 (5th Cir. 1994).[3] "Consequently, a reviewing court may decline to consider the merits of a [compromise and settlement] order when there has been substantial consummation . . . such that effective judicial relief is no longer available -- even though there may still be a viable dispute between the parties on appeal." *Id.* The Court must consider whether it is "prudent" to upset the settlement. *Id.* (quoting *In re UNR Indus., Inc.*, 20 F.3d 766, 769 (7th Cir. 1994)). To determine whether a bankruptcy appeal is moot, the Court examines three primary factors: "(i) whether a stay has been obtained, (ii) whether the [settlement] has been 'substantially consummated,' and (iii) whether the relief requested would affect . . . rights of parties not before the court . . .." *Id.*

In this case, Appellants neither requested nor obtained a stay of the Bankruptcy Court's orders. Appellants did not request a stay in their Objections or during the evidentiary hearing. The settlement has been fully consummated – the property has been sold, the proceeds have been distributed, and the related litigation has been dismissed as settled. Indeed, because the lawsuits in Utah and Maryland have been dismissed, it is questionable whether the settlement could be undone completely.

---

[3] The *Manges* case dealt with a plan of reorganization, but the legal principles apply equally to appeals involving a compromise and settlement. *See In re Hilal*, 226 F. App'x 381, 383 n.1 (5th Cir. Apr. 2, 2007).

Nonetheless, reversing the settlement at this point, even if feasible, would adversely affect the rights of third parties, including CBI and Golden Gate. All of the relevant factors in the mootness evaluation in the bankruptcy context support the conclusion that this appeal is moot and should be dismissed.

Appellants argue that the appeal should not be dismissed as moot because Acord was not allowed to participate as an interested party and because "bad faith defeats application of the mootness doctrine." *See* Response, pp. 3-8. These arguments are not supported by the record. Acord had no ownership interest in the Debtor and had no claim against the Debtor. As a result, the Bankruptcy Court correctly held that he was not a party in interest as defined by 11 U.S.C. § 1109(b) and lacked standing to object to the proposed settlement. The Bankruptcy Court found, however, that Appellant Ortega had standing because she was the sole shareholder in the Debtor. Ortega was given notice and participated in the hearing on the proposed settlement. Indeed, she presented evidence in support of her objections to the settlement, including testimony from Acord.[4] As a result, the Bankruptcy Court's alleged failure to provide Acord with adequate notice and to allow him to object to the

---

[4] To the extent Acord had any interest in the Debtor, as Ortega's son, his interests were aligned with hers.

proposed settlement does not legally or equitably prevent dismissal of this appeal as moot.

Appellants' argument regarding bad faith also is refuted by the record. The Bankruptcy Court specifically found after an evidentiary hearing that the Trustee and YAP negotiated the settlement in good faith and that the transactions contemplated by the settlement, including the sale of the property to CBI, were undertaken "in good faith." *See* Compromise and Settlement Order, ¶¶ 1, 16. Appellants have presented no evidence to support their bald assertion of bad faith. The Court rejects Appellants' argument that bad faith prevents application of the mootness doctrine in this case.

### III.   CONCLUSION AND ORDER

The property at issue has been sold, the proceeds have been distributed, and the related lawsuits have been dismissed pursuant to the settlement agreement. As a result, the case is "past the point where equitable judicial relief is available" and the appeal is moot. It is, therefore,

**ORDERED** that the Motion to Dismiss [Doc. # 2] is **GRANTED**. It is further

**ORDERED** that Appellants' Motion for Leave to File Sur-Response [Doc. # 10] is **GRANTED**.

The Court will issue a separate Final Dismissal Order.

SIGNED at Houston, Texas, this 16th day of **June, 2009**.

Nancy F. Atlas
United States District Judge